## HAYNIE v. HOGUE LUMBER & SUPPLY CO. OF GULFPORT, Inc.

### Civ. A. No. 1067.

United States District Court
S. D. Mississippi, S. D.
March 26, 1951.

William Estopinal, Gulfport, Miss., for plaintiff.

John M. Gardner, R. W. Thompson, Jr., and Mize, Thompson & Mize, all of Gulfport, Miss., for defendant.

WATSON, District Judge.

This is an action by Plaintiff-employee against Defendant-employer for overtime compensation, liquidated damages and counsel fees under the provisions of the Fair Labor Standards Act of 1938, 29 U.S. C.A. § 201 et seq. This action was tried by the Court without a jury. After the Plaintiff completed the presentation of his evidence, the Defendant moved for a dismissal.

Defendant, a Mississippi Corporation, operated a lumber and building materials yard in Gulfport, Mississippi. Plaintiff was employed by Defendant as a night watchman at its lumber yard for a period of 73 weeks, from September 27, 1947, to March 1, 1949, at a salary of $125.00 a month. Plaintiff worked 7 days a week from 6:00 P.M. to 6:00 A.M. Plaintiff now claims double compensation computed at overtime rates, for hours worked in excess of the fixed minimum prescribed by the Fair Labor Standards Act.

Section 7 of the Fair Labor Standards Act, 29 U.S.C.A. 207, fixes maximum hours and overtime compensation for employees "engaged in commerce or in the production of goods for commerce". So the question is, was the Plaintiff an employee who was engaged in commerce or in the production of goods for commerce?

At the outset, it is important to note that it is the employee's work and not the business of the employer which must be in commerce or, in the alternative, in the production of goods for commerce. Fleming v. American Stores Co., D.C.E.D.Pa.1941, 42 F.Supp. 511.

The facts clearly show that Plaintiff was not engaged in the "production of goods for commerce", as his employer did not produce any goods, either for interstate or intrastate consumption. The only question involved, therefore, is whether or not the Plaintiff is "engaged in commerce" within the meaning of the Act.

The test under the present Act to determine whether an employee is engaged in commerce, is not whether the employee's activities affect or indirectly relate to interstate commerce, but whether they are actually in or so closely related to the movement of the commerce to be a part of it. Carrigan v. Provident Trust Co. of Philadelphia, 3 Cir., 1946, 153 F.2d 74.

216

Plaintiff was a watchman whose duty it was to protect the property of the Defendant from the deprivations of thieves or the hazards of fire. Very little merchandise was received or shipped out while the Plaintiff was on duty, and in no way did he participate in handling such shipments. The only other function he performed was to make a notation of the time at which the trucks of Defendant entered or left the premises.

It is clear that but for a rather remote possibility that someone might break into the premises with the intent to steal, or that some emergency such as a fire might arise, Plaintiff's services as a night watchman could have no effect upon any commerce which the Defendant may have been engaged in.

 Furthermore, this statute contains certain exemptions. One of the exemptions is that the Act does not extend its privileges to an employee engaged in any retail establishment, the greater part of whose selling is intrastate.[1] To come within the exemption, the employee must be engaged in a "retail establishment" as that phrase is understood by the common run of men. Walling v. Consumers Co., 7 Cir., 1945, 149 F.2d 626. The essential distinction between a wholesaler and a retailer is that the person buying from a retailer is the ultimate user or consumer of the article or commodity and does not sell it again, whereas the one buying from a wholesaler buys only for the purpose of selling the article again. Zehring et al. v. Brown Materials, Limited, et al., D.C. S.D.Cal.1943, 48 F.Supp. 740.

 With the exception of a few isolated sales to its competitor dealers, Defendant sold all of its materials to those who consumed or used them, and who did not buy them for the purpose of resale. Under the facts, there is little if any doubt that Defendant is a retailer. 97% of its sales having been made within the state of Mississippi, it is clear that Defendant also satisfies the requirement of having sold the greater part of its goods in intrastate commerce.

The Plaintiff is not entitled to relief under the Fair Labor Standards Act, and under the provisions of Rule 41(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., judgment will be entered in favor of the Defendant upon the following Findings of Fact and Conclusions of Law:

Findings of Fact

1. Plaintiff was employed by Defendant Corporation as a night watchman at its lumber yard from September 27, 1947, to March 1, 1949.

2. Plaintiff worked 7 days a week from 6:00 P.M. to 6:00 A.M. and received a salary of $125.00 a month.

3. The Defendant, Hogue Lumber & Supply Company of Gulfport, Inc., is a corporation organized under and existing by virtue of the laws of the state of Mississippi.

4. Defendant is engaged in the business of selling lumber and building materials. 95% or more of its sales are made to individual consumers.

5. Approximately 97% of the sales made by Defendant are of intrastate character.

6. The Plaintiff was not an employee who was engaged in interstate commerce or in the production of goods for commerce.

7. Defendant's establishment where Plaintiff was employed was a retail establishment and the greater part of its selling was intrastate.

Conclusions of Law

1. Plaintiff is not entitled to the benefits provided by Section 7 of the Fair Labor Standards Act, 29 U.S.C.A. § 207, as he was not "engaged in commerce or in the production of goods for commerce".

2. Plaintiff was an employee in a "retail or service establishment the greater part of whose selling or servicing is in intrastate commerce" and, as provided in Section 13(a) (2) of the Fair Labor Standards Act, 29 U.S.C.A. § 213, not entitled to the benefits provided by Section 7 of the Act.

3. Judgment should be rendered against the Plaintiff.

1. Section 13(a) (2), 29 U.S.C.A. § 213(a) (2).

Now, Defendant's motion to dismiss is granted and it is ordered that judgment be, and it hereby is, entered for the Defendant, Hogue Lumber & Supply Company of Gulfport, Inc., and against the Plaintiff, H. M. Haynie.